## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER NAM : | |
| 37 Kristen Ln. : | |
| Mantua, NJ 08051 : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No.: |
| : | |
| MAIN LINE SENIOR CARE : | **JURY TRIAL DEMANDED** |
| d/b/a Main Line Senior Care Alliance : | |
| 100 E. Lancaster Ave. : | |
| Wynnewood, PA 19096 : | |
| : | |
| Defendant. : | |
| : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Jennifer Nam (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Main Line Senior Care d/b/a Main Line Senior Care Alliance (hereinafter referred to as "Defendant") of the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendant and she suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks

---

[1]Plaintiff intends to amend her instant lawsuit to include claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's anticipated state and claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6.      Plaintiff is an adult who resides at the above-captioned address.

7.      Defendant is a management company which was formed in 2012, and oversees the operations of its two affiliated healthcare and rehabilitation communities, Saunders House and Bryn Mawr Terrace.

8.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

2

10. Plaintiff was hired by Defendant on or about June 10, 2019 as the Chief Financial Officer ("CFO"). In that capacity, Plaintiff reported to President and Chief Executive Officer, Kevin Ross (hereinafter "Ross")

11. During Plaintiff's employment with Defendant, she was a dedicated and hard-working employee who performed her job well.

12. On March 17, 2021, Plaintiff suffered a stroke and required a medical leave of absence from work.

13. As a result of Plaintiff's aforesaid health conditions, she suffered from partial paralysis which limited her ability (at times) to perform some daily life activities, including but not limited to lifting, speaking, walking and working (among other daily life activities).

14. Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the duties of her job well with Defendant, however, Plaintiff did require some reasonable accommodations while employed with Defendant (as discussed *infra*).

15. Plaintiff applied for and was granted leave under the FMLA – which should have afforded her 12 weeks of protected medical leave.

16. Notwithstanding Plaintiff's request for time off for her disability and notification to Defendant's management of same, Defendant failed to properly advise Plaintiff of her individualized FMLA rights, as required by the FMLA.

17. In addition to the FMLA, Plaintiff's medical leave was also protected and should have been considered a reasonable accommodation under the ADA.

18. When Plaintiff's physician signed her FMLA paperwork, she indicated that Plaintiff could be out of work for up to six (6) months – this was only an approximation (and therefore, Plaintiff could have been potentially released sooner than the six (6) months).

3

19.     Plaintiff notified Ross and Human Resources on June 3, 2021 that she was going to be released by her doctor to return to work on or before June 9, 2021.

20.     In response, Plaintiff was questioned why the time period for her medical leave had changed (from six months to then three months) and she explained that she recovered quicker than anticipated.

21.     In response to Plaintiff's notification regarding her return to work, she was informed that Defendant had already hired someone to replace her and that the new CFO would be starting the following week.

22.     Plaintiff was told at that time that because she was purportedly a "key employee," Defendant could not accommodate her absence.

23.     Plaintiff was never informed by Defendant prior to June 3, 2021 that her job would not be protected because she was an alleged key employee, or that Defendant would begin to look for a replacement if she did not return by a specific date.

24.     In fact, the only prior communication that Plaintiff received from Defendant was dated May 24, 2021 (over two months after Plaintiff's medical leave had started and she had requested FMLA leave) that she was identified as a key employee but that her rights under the FMLA would continue unless she either gave notice that she no longer wished to return to work or her designated leave was up.

25.     Therefore, Defendant failed to follow regulations of the FMLA in regard to purportedly "key employees." As such, Defendant violated FMLA regulations which included, but were not limited to, failing to:

(a)  give written notice to Plaintiff at the time she gave notice of her need for FMLA leave that she qualified as a key employee;

(b) fully inform Plaintiff of the potential consequences with respect to reinstatement and maintenance of her health benefits;

(c) notify Plaintiff of any alleged substantial and grievous economic injury to its operations as a result of her need for FMLA leave and/or her reinstatement;

(d) explain the basis for Defendant's alleged finding of any such substantial and grievous economic injury to its operations;

(e) notify Plaintiff that it intended to deny reinstatement upon completion of her FMLA leave; and

(f) provide Plaintiff with a reasonable time in which to return to work.

*See* 29 C.F.R § 825.219.

26.     Plaintiff's designated leave did not expire until June 9, 2021 and her doctor released her to return to work on or before June 7, 2021, with no restrictions.

27.      In total, Plaintiff only needed a less than three-month medical accommodation or FMLA-protected leave. Defendant did not protect Plaintiff's job for any period of time, nor did it engage in any interactive dialogue with Plaintiff.

28.     Defendant failed to accommodate Plaintiff without first engaging in the interactive process as required under the ADA and without providing any legitimate reason as to why her requested accommodations could not be granted.

29.     Plaintiff believes and therefore avers that she was terminated because of: (a) her known and/or perceived health problems; (b) her record of impairment; (c) her requested accommodations/FMLA-eligible needs (which constitutes illegal retaliation); and (d) Defendant's failure to accommodate her (discussed *supra*).

**Count I**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

30.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

32.     Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

33.     Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment.

34.     Defendant is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C. § 2611(4)(A)(i).

35.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C. § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

36.     Plaintiff was terminated in close proximity to her requests for intermittent and/or block FMLA leave.

37.     Defendant committed interference and retaliation violations of the FMLA by: (a) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (b) by considering Plaintiff's FMLA leave needs in making the decision to terminate her; (c) failing to inform Plaintiff of her individualized FMLA rights regarding her FMLA-qualifying leave for her serious health conditions, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (d) terminating Plaintiff to

intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (e) engaging in conduct which discouraged Plaintiff from exercising her FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave; (f) failing to designate Plaintiff's requests for time off for her serious health conditions as FMLA-qualifying or FMLA protected leave; (g) violating the "key employee" notice and other requirements of the FMLA, as more fully set forth *supra*; and (h) failing to reinstate Plaintiff to the same or similar position upon her return from FMLA leave.

38.     Because Defendant failed to properly provide Plaintiff with timely notice pursuant to 29 C.F.R § 825.219(a), Defendant lost its right to deny Plaintiff reinstatement.

39.     These actions as aforesaid constitute violations of the FMLA.

**Count II**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**(1) Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate;**
**[3] Retaliation; and [4] Wrongful Termination)**

40.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including, but not limited to lifting, speaking, walking and working (among other daily life activities).

42.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

43.     Plaintiff kept Defendant informed of her serious medical conditions and need for medical treatment and other accommodations.

44.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to a brief medical leave to care for and treat her disabilities.

45.     As a result of her aforesaid disabilities and requests for accommodations, Plaintiff was subjected to discriminatory and disparate treatment.

46.     In close temporal proximity to requesting accommodations for her own health conditions, Plaintiff was abruptly terminated for pretextual reasons.

47.     Plaintiff believes and therefore avers that she was terminated because of: (1) her known and/or perceived health problems; (2) her record of impairment; and (3) her requested accommodations (which constitutes illegal retaliation).

48.     Defendant failed to accommodate Plaintiff by failing to engage in the interactive process and refusing to hold Plaintiff's position open and/or reinstate her when she was able to return from her brief medical leave.

49.     Defendant's actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

E.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Dated:  August 11, 2021

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Jennifer Nam | : | CIVIL ACTION |
| v. | : |  |
| Main Line Senior Care d/b/a Main Line Senior Care Alliance | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| | | |
|---|---|---|
| 8/11/2021 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___37 Kristen Lane, Mantua, NJ 08051___

Address of Defendant: ___100 E. Lancaster Avenue, Wynnewood, PA 19096___

Place of Accident, Incident or Transaction: ___Defendant's place of business___

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___8/11/2021___      _____      ___ARK2484 / 91538___
                               *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A.*    **Federal Question Cases:**                  *B.*    **Diversity Jurisdiction Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts      ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA      ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury      ☐ 3. Assault, Defamation
☐ 4. Antitrust      ☐ 4. Marine Personal Injury
☐ 5. Patent      ☐ 5. Motor Vehicle Personal Injury
☐ 6. Labor-Management Relations      ☐ 6. Other Personal Injury *(Please specify):* _____
☒ 7. Civil Rights      ☐ 7. Products Liability
☐ 8. Habeas Corpus      ☐ 8. Products Liability – Asbestos
☐ 9. Securities Act(s) Cases      ☐ 9. All other Diversity Cases
☐ 10. Social Security Review Cases                     *(Please specify):* _____
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf___, counsel of record *or* pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: ___8/11/2021___      _____      ___ARK2484 / 91538___
                               *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NAM, JENNIFER | MAIN LINE SENIOR CARE D/B/A MAIN LINE SENIOR CARE ALLIANCE |

**(b)** County of Residence of First Listed Plaintiff    Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1  U.S. Government Plaintiff
- X 3  Federal Question *(U.S. Government Not a Party)*
- 2  U.S. Government Defendant
- 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | 370 Other Fraud | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | X 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA (29USC2601); ADA (42USC12101)

Brief description of cause:
Violations of the FMLA, ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   'No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   8/11/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print     Save As...     Reset